RECEIVED

2011 DEC 27 P 1:31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

CECIL E. LASSETER AND MARGARET S. LASSETER, )
)
Plaintiffs )
)
v. )
)
P. SCOTT LOWERY P.C., )
)
Defendant )
)

Case No.: 2:11-cv-1106-MEF

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

CECIL E. LASSETER AND MARAGRET S. LASSETER ("Plaintiffs"), by their attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against P. SCOTT LOWERY P.C. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Alabama, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiffs are natural persons residing in Union Springs, Alabama, 36089.

7. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection law firm with headquarters located at 4500 Cherry Creek Drive, Denver, Colorado 80246.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, deriving from a Capital One debt.

12. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around June 2011 and continuing through September 2011, Defendant's representatives placed continuous and repeated harassing telephone calls to

Plaintiffs' home, work and cellular telephones.

14. The harassing collection calls to Plaintiffs derived from numbers including, but not limited to (303) 218-7550. The undersigned has confirmed that this number belongs to Defendant.

15. Often times Defendant's representatives called Plaintiffs multiple times per day, and at least ten (10) times per week.

16. On at least two occasions, Defendant's representatives called Mr. Lasseter's brother, in connection with the collection of the alleged Capital One debt.

17. This caused great embarrassment and stress to Plaintiffs.

18. Additionally, in June 2011, Mrs. Lasseter told Defendant's representatives that it was not convenient to receive collection calls while at her place of employment, and demanded that such calls cease.

19. Despite Mrs. Lasseter's insistence, Defendant's representatives continued to place unwanted calls to her place of employment in furtherance of its collection activities, causing her further embarrassment.

20. In the course of the collection calls, the amount that Defendant alleged Plaintiffs to owe varied greatly.

21. In June 2011, when the calls began, Defendant alleged Plaintiffs to owe around $5,000.

22. However, by September 2011, Defendant alleged Plaintiffs to owe around $8,000.

23. Plaintiffs believe that Defendant intentionally attempted to charge Plaintiffs for amounts beyond those owed in the original contract with Capital One.

24. Additionally, Plaintiffs made at least two (2) payments in the amount of $600 to

Defendants dated June 1, 2011 and July 18, 2011, which Defendant deposited. True and accurate copies of the aforementioned checks printed from Plaintiffs' bank account are attached as Exhibit "A".

25. Despite the clear evidence that Defendant received and deposited Plaintiff's checks, Defendant's representatives informed Plaintiffs over the telephone that such checks were not received.

26. Finally, during the course of Defendant's conversations with Plaintiffs, Defendant repeatedly threatened to take the "next step", if Plaintiffs did not meet Defendant's payment demand.

27. Because Defendant is a law firm, Plaintiffs assumed the "next step" meant litigation to collect the alleged debt.

28. Despite Defendant's threats, no such suit has been filed, and Plaintiffs believe the threats were baseless and a mere attempt to coerce Plaintiffs into making payment.

29. Defendant's actions as described herein were made with the intent to harass, abuse, upset, deceive, and coerce payment from Plaintiffs.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Mrs. Lesseter's place of employment after being instructed that such calls were

inconvenient;

c. Defendant violated § 1692c(b) of the FDCPA when it contacted third parties in connection to the collection of the alleged debt;

d. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

e. Defendant violated §1692d(5) of the FDCPA by causing Plaintiffs' telephones to ring repeatedly or continuously;

f. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

g. Defendant violated § 1692e(2) of the FDCPA by making false representations of the amount of the alleged debt;

h. Defendant violated § 1692e(5) of the FDCPA by making threats to take legal action, which it did not intend to take;

i. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

j. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

k. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiffs, CECIL E. LASSETER AND MARAGRET S. LASSETER, respectfully pray for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, CECIL E. LASSETER AND MARAGRET S. LASSETER, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/08/11

KIMMEL & SILVERMAN, P.C.

By: *[signature]*

Amy L. Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT